UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

BUFFALO MINING COMPANY,
Petitioner,

v.

HOBERT DILLON; DIRECTOR, OFFICE OF

WORKERS' COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT OF
LABOR,
Respondents.

No. 96-2034

On Petition for Review of an Order
of the Benefits Review Board.
(95-1719-BLA)

Argued: July 7, 1997

Decided: October 21, 1997

Before WILKINSON, Chief Judge, and WILKINS and
HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Sannie Overly, JACKSON & KELLY, Lexington, Kentucky, for Petitioner. Kelly Rosetta Charnock, SHAFFER & SHAFFER, Charleston, West Virginia, for Respondent Dillon; Barry H. Joyner, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Respondent Director. **ON BRIEF:** Anthony J. Cicconi,

SHAFFER & SHAFFER, Charleston, West Virginia, for Respondent Dillon. J. Davitt McAteer, Acting Solicitor of Labor, Donald S. Shire, Associate Solicitor, Christian P. Barber, Counsel for Appellate Litigation, Edward Waldman, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Respondent Director.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Buffalo Mining Company (Buffalo) petitions for review of a decision by the Benefits Review Board (the Board) affirming an award of black lung benefits to Hobert Dillon. Finding no error, we affirm.

Dillon applied for black lung benefits in 1991, after working for Buffalo for at least ten years. An administrative law judge (ALJ) awarded benefits, ruling that Dillon suffered from pneumoconiosis arising from his coal mine employment and that he was totally disabled due to the disease. The Board affirmed the ALJ's finding of total disability, but concluded that she had improperly relied on the "true doubt" rule in determining that Dillon suffered from pneumoconiosis. See Director, Office of Workers' Compensation Programs, Dep't of Labor v. Greenwich Collieries, 512 U.S. 267, 281 (1994) (holding that the true doubt rule violates the Administrative Procedure Act). Accordingly, the Board vacated this finding and the finding that Dillon's total disability was due to pneumoconiosis and remanded for reconsideration. On remand, the ALJ again awarded benefits, concluding that Dillon had established the existence of pneumoconiosis by a preponderance of the evidence and that he was totally disabled due to pneumoconiosis. The Board affirmed.

Having had the benefit of oral argument and the parties' briefs, and after careful consideration of the record, we conclude that the deci-

2

sion of the ALJ is supported by substantial evidence. Accordingly, we affirm.

AFFIRMED

3